**Mary JACKSON, Appellant,**

v.

**Walter Ray JACKSON, Appellee.**

Court of Appeals of Kentucky.

March 24, 1978.

As Modified April 21, 1978.

Discretionary Review Denied Sept. 12, 1978.

Paul F. Fauri, Appalachian Research and Defense Fund of Kentucky, Inc., Prestonsburg, for appellant.

Eugene C. Rice, Paintsville, for appellee.

Before WHITE, HOGGE and PARK, JJ.

HOGGE, Judge:

In this appeal from a judgment of the Johnson Circuit Court in a dissolution of marriage proceeding, the appellant, Mary Jackson, contends that the court below erred in its findings with regard to real estate value and in issuing a decree of dissolution without incorporating therein certain provisions of the parties' separation agreement.

At the time of the divorce proceedings, Walter Ray Jackson was forty years of age and his wife Mary was thirty-nine. The couple had two children, a son and a daughter. The daughter was married and the son, who was ten years of age, resided with his father in a rented trailer.

The marital relationship had been a stormy one. Walter stated that his wife had left him, and had lived with other men. He testified that she had forged checks on him, and was under indictment for forging checks. Mary testified that she had lived with other men in order to have a place to stay when she left, but had not slept with them. She stated that her husband had disturbed her and beat her after their separation.

All the testimony in the case with regard to the financial condition of the parties, which appears in the record, comes from the depositions taken from Mary and Walter. Walter made an income of around $19,000, during the year prior to the divorce, in his employment with Adams Construction. Mary had started work in a restaurant, dishwashing and working in the kitchen. She was being paid $1.50 an hour for working from 5:00 a. m. until 1:00 p. m. She testified that she has had a colostomy and a hysterectomy and because she still has pain and medical problems, it is necessary for her to take medicine to get through a day of work.

Walter testified that he owns a 1975 Buick Century which is financed through General Motors Acceptance Corporation. A sum of $4,200 is still owed on the home in which the couple lived, and in which Mary now resides. The record before this court

contains no testimony or other evidence to definitely establish the value of the property. In addition to monthly house and car payments, and utility bills, monthly payments are due on six loans from financial institutions in the following amounts: $24.78; $31.73; $63.88; $13.27; $55.00; and, $26.25.

After the parties began living apart, but prior to the divorce, they entered into a separation agreement. This agreement provided that the parties' home would be divided evenly between husband and wife in the event of a divorce, and that Walter would pay Mary $45 per week for her support and maintenance as well as all monthly payments on indebtedness of the parties and all utility bills and property taxes. Mary was to live in the residence and have custody of the parties' son, Tony.

The Divorce Commissioner issued his Findings of Fact and Recommendations to which the appellant excepted, but same were later adopted by the Johnson Circuit Court. The Commissioner recommended that Mary Jackson be awarded no support or alimony, that Mary be allowed $7,500 as her interest in the property, and that appellee have custody of parties' son.

The appellant contends that this was erroneous, on the grounds that, pursuant to KRS 403.180(2), the provisions of the separation agreement were binding on the court and should have been incorporated into the judgment. Said statute provides as follows:

In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

The appellant contends that the trial court failed to make a finding that the separation agreement was unconscionable, that it in fact was not unconscionable, and was therefore binding on the court.

In his findings of fact and recommendations, the Divorce Commissioner found that Mary Jackson left the home and the son and daughter (who is now married), although the agreement provided she was to make a home there for the son, and lived with two men at their residences; that Walter Jackson moved into the home and took care of the son and the daughter and that the best interests of the son would be served by granting the father custody. He further found that Walter owed $4,200 on the parties' home as well as certain other debts, and that Mary Jackson's spendthrift ways had contributed to this indebtedness.

Although no specific finding of unconscionability was made, the substance and effect of the statements of the Divorce Commissioner, which were adopted by the Johnson Circuit Court, were that the agreement was unconscionable. In *Mandelstam v. Mandelstam*, Ky., 458 S.W.2d 786 (1970), it was required that the chancellor find that the parents were unfit to have custody of their child before awarding custody to strangers. The chancellor had made the finding that it would be in the "best interests" of the child for neither parent to have custody. The Court of Appeals held that although it would be preferable that the chancellor use the specific word "unfit", the finding could be expressed by use of other terms, and that the language used by the Chancellor was in substance and effect that neither parent was "fit for custody."

We feel that the situation in the case before us is similar. While the use of the specific word "unconscionable" would be preferable, the wording of the Divorce Commissioner's Findings and Recommendations in this case substantially complies with the requirements of KRS 403.180 as to a finding of unconscionability. We cannot say that a finding of unconscionability was clearly erroneous. The term unconscionable has been defined as "manifestly unfair or inequitable." *Wilhoit v. Wilhoit*, Ky. App., 506 S.W.2d 511 (1974). The trial court may have reasonably determined on

the basis of the record in this case that it would be inequitable to provide the wife with the financial benefits conferred by the separation agreement when the extent of property rights and money given was based on the understanding that the wife was to provide a home for the son of the parties, which she did not do, and now, will not be allowed to do, in view of the fact that it has been determined that it is in the best interests of the child that the father have custody.

In *Williams v. Williams,* Ky.App., 554 S.W.2d 880 (1977), this court held a contract, executed in contemplation of divorce and later incorporated into the divorce decree, unconscionable, within the meaning of KRS 403.250(1), where the circumstances had changed so that the terms of the contract had become unreasonably favorable to the ex-wife, and there was likelihood that the present status of the parties would continue. We feel that the shift of financial and other responsibilities to the husband in this case would result in a similar inequity if the terms of the separation agreement were to remain binding.

The second issue before this court is whether the findings of fact of the Johnson Circuit Court in regard to the value of the real estate owned by appellant and appellee were clearly erroneous. The Findings of Fact and Recommendations of the Divorce Commissioner adopted by the Johnson Circuit Court included a statement that the evidence "was that the present market value of the property was around $19,000", which, in view of the $4,200 owed, "would leave approximately $14,800 equity in the property."

After examination of the record, we can find no evidence on which such a finding, or any other finding with respect to the value of the real property, can be based. The appellee contends there have been many hearings in this case which, due to the great expense involved "and the lack of necessity of doing", were not transcribed, and therefore, the substantial evidence which has been heard with respect to the value of the premises is not reflected in the record. We are not persuaded by this argument. Matters not disclosed by the record cannot be considered on appeal. *Montgomery v. Koch,* Ky., 251 S.W.2d 235 (1952); *Garrison v. Garrison,* Ky. 253 S.W.2d 626 (1953). If testimony as to the value of the property existed, the appellee could have preserved it for the record by exercising his right pursuant to KRS 28.480 to request the services of a reporter. We hold that the decree of the court which adopted and incorporated the findings of the Commissioner as to the value of the real property in this case were not supported by the substantial evidence of probative value and clearly erroneous.

The judgment is affirmed in part and reversed in part and remanded to the Johnson Circuit Court for further proceedings consistent with this opinion.

ALL CONCUR.