**B. Wayne BROADDUS, Appellant,**

v.

**Printess CAMPBELL, Appellee.**

**No. 94–CA–2473–MR.**

Court of Appeals of Kentucky.

Dec. 1, 1995.

Bobby G. Wombles, Lexington, for Appellant.

James F. Clay, Jr., Danville, for Appellee.

Before GARDNER, HUDDLESTON and KAREM[1], JJ.

1. This opinion was prepared and concurred in prior to Judge Karem's departure from the Court

*OPINION*

KAREM, Judge.

On October 9, 1992, the appellant, G. Wayne Broaddus, was indicted by the Garrard County Grand Jury on one count of theft by failure to make required disposition over $100 and one count of theft by unlawful taking over $100. The indictment was issued as a result of the testimony offered by the appellee, Printess Campbell. On July 13, 1993, the criminal action was dismissed in an order which reads as follows:

> This cause having come upon motion of the Commonwealth for entry of an order of dismissal due to insufficient evidence, and the Court having been informed that the parties hereto have reached an agreement concerning the disposition of this matter; the Defendant having stipulated probable cause for the issuance of the indictment, and the Court being otherwise sufficiently advised;
>
> IT IS HEREBY ORDERED AND ADJUDGED that this action is dismissed without prejudice and stricken from the docket of the Garrard Circuit Court.

The appellant and defense counsel both signed the order, acknowledging that they had "seen and approved" the order for entry.

On July 5, 1994, the appellant commenced this action for malicious prosecution in the Garrard Circuit Court. He alleged that the appellee knowingly "committed perjury by wrongfully swearing" that the appellant had committed the two theft crimes. He further alleged that Campbell "knew that no probable cause existed for the institution of the proceedings and his perjured testimony was a fraud on the Commonwealth's attorneys, the Garrard Circuit Court, and on this Plaintiff." Broaddus sought actual as well as punitive damages.

On September 3, 1994, prior to filing a response to the complaint, Campbell filed a motion to dismiss "by judgment on the pleadings." As grounds for such relief he argued that the claim was time-barred and that the

on November 30, 1995.

stipulation of probable cause prevented Broaddus from establishing an essential element of the tort. The appellant did not object to the motion to dismiss on procedural grounds. His response to the motion averred (1) that since Campbell was not a party to the agreement resulting in the dismissal of the criminal case, he could not benefit from the stipulation of probable cause; and (2) that the stipulation was requested by the Commonwealth to protect it, not the appellee. The trial court, citing *Flynn v. Songer*, Ky., 399 S.W.2d 491 (1966), dismissed the complaint, concluding that the stipulation precluded any possibility that Broaddus could establish lack of probable cause. It is from this order of dismissal that Broaddus has appealed.

■ The appellant first argues that the trial court erred in considering the motion for judgment on the pleadings before the pleadings were closed. He correctly states that CR 12.03 provides for such a motion *"after* the pleadings are closed." (Emphasis added). However, the appellant neglects to advise us where he preserved this error for review as required by CR 76.12(4)(c)(iv). An examination of the record does not reveal any objection to consideration of the motion and thus the error, if any, has not been properly preserved for review. *See Jackson v. Jackson*, Ky., 571 S.W.2d 90, 93 (1978); *Hamner v. Best*, Ky.App., 656 S.W.2d 253, 256 (1983).

The appellant also faults the trial court for considering matters outside the pleadings, specifically the order dismissing the criminal case, without complying with the requirement in CR 12.03 to allow all parties a "reasonable opportunity to present all materials made pertinent to such a motion by [Civil] Rule 56." Again there is nothing in the record indicating that the appellant objected to the court's failure to give him an opportunity to present other materials, nor does it appear from the record that he needed or requested such time to present further materials. In his brief in this Court he does not suggest what evidence or materials he could possibly have presented relevant to the motion had the trial court given him an opportunity to present additional materials.

Despite the appellant's failure to object to the trial court's deviation from the provisions of CR 12.03, we would be reluctant to affirm the dismissal of his case if we believed there to be any possibility that he could prevail on the merits of his claim. However, for the reasons below, we are of the opinion that the summary dismissal was proper and that Broaddus' claim is barred as a matter of law.

■ There are six elements which must be established to prevail on a claim of malicious prosecution including:

(1) [T]he institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Raine v. Drasin*, Ky., 621 S.W.2d 895, 899 (1981). We believe it is axiomatic that where there is a specific finding of probable cause in the underlying criminal action, or where such a finding is made unnecessary by the defendant's agreement or acquiescence, a malicious prosecution action cannot be maintained. The appellant's admission that there was probable cause for the issuance of the indictment was as much a bar to bringing a malicious prosecution action as a plea of guilty to the charges would have been. In *Duerr v. Kentucky & Indiana Bridge & R. Co.*, Ky., 116 S.W. 325 (1909), the appellant filed an action for malicious prosecution against the complaining witness after he had pled guilty to a reduced felony charge. He alleged, as does our appellant, that the indictment against him was procured by perjured testimony. In affirming the dismissal of his tort claim, it was held:

Unless the plaintiff in an action for malicious prosecution can thus avoid the effect of the judgment of conviction, it stands as a complete bar to any action he may bring to recover damages for malicious prosecution, and will effectively defeat a recovery,.... [B]ut, if he can prove that the judgment of conviction against him was unjustly obtained, thereby in effect estab-

lishing his innocence, notwithstanding the judgment, he will occupy in the eyes of the law the same position as if he had been discharged or acquitted....

But the appellant completely closed the door of the courts to his petition for redress when he admitted that he had pleaded guilty to a charge that was made unjustly, as he avers, against him. A person who comes into open court and admits on the record that he is guilty of the offense for which he is being prosecuted will not afterwards be heard to say that the prosecution against him was procured by fraudulent methods.

*Id.* at 326. We are aware that Broaddus did not plead guilty to the theft charges; however, the same reasoning would apply to his stipulation that there was probable cause for the issuance of the indictment. This voluntary admission, in our opinion, completely refutes his claim in the instant action that the prosecution was unfounded. *Id.*

Broaddus strenuously contends that it was his intent and that of the prosecutor that his admission of probable cause was for the protection of the Commonwealth Attorney and the grand jury, entities which, as the appellee points out, needed no such protection. Nevertheless, the stipulation contains no such limitations. It would have been a simple matter for Broaddus to have structured the agreement to preserve his right to bring a malicious prosecution action against the complaining witness, Campbell, but he did not. As he was aware all along that Campbell lied to the grand jury, Broaddus was peculiarly aware of the potential for a malicious prosecution action when he settled his criminal action. Having made no allegation that the agreement was the result of coercion or overreaching, we believe the trial court was compelled to hold that Broaddus was estopped from alleging lack of probable cause.

Broaddus further contends that, as Campbell was not a party to the agreement, he is not entitled to benefit from it. The majority of courts that have considered the issue have held that the complaining witness's participation in the settlement is not material. *See e.g., Ash v. Ash,* 72 Ohio St.3d 520, 651

N.E.2d 945 (1995), and *Joiner v. Benton Community Bank,* 82 Ill.2d 40, 44 Ill.Dec. 260, 411 N.E.2d 229 (1995). We concur with the reasoning expressed by the Court in *Ash, supra* at p. 523, 651 N.E.2d 945.

The primary purpose of a settlement or an agreement of compromise is to avoid a determination on the merits of the criminal proceeding. It would be unfair to a complaining witness to allow an accused to secure the dismissal of the criminal charges against him or her by consenting to a compromise and then take advantage of the termination by suing the complaining witness.

■ In this regard, it is apparent that Broaddus could not establish the element that the criminal action terminated in his favor. The dismissal was not the unilateral act of the prosecutor; Broaddus gave up something to secure the dismissal of the charges. While the *Raine* case, *supra,* states that "no particular form of termination" has been required to constitute a favorable termination, 621 S.W.2d at 900, it is settled that a dismissal by compromise of the accused is not a termination favorable to the accused. *Restatement (Second) of Torts* § 660(a) provides:

A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if

(a) the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused;....

The reasoning for this rule is stated in Comment C to this section:

Although the accused by his acceptance of a compromise does not admit his guilt, the fact of compromise indicates that the question of his guilt or innocence is left open. Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor.

We are not unsympathetic to the appellant who, considering the facts in his favor, claims

to have been wrongfully accused. However, actions for malicious prosecution have traditionally been disfavored due to the chilling effect on those considering reporting a crime. *Reid v. True*, Ky., 302 S.W.2d 846 (1957). Accordingly, we hold that as a matter of law one may not elect to settle a criminal action, stipulate probable cause and maintain that the action was favorable to him on the merits. The judgment of the Garrard Circuit Court is affirmed.

All concur.