**Linda D. PENNINGTON, Plaintiff,**

v.

**DOLLAR TREE STORES, INC. and Glimpcher Realty Trust, Defendants.**

No. Civ.A. 99–116.

United States District Court, E.D. Kentucky.

July 17, 2000.

---

al infliction of emotional distress. She offers absolutely no evidence of such an incident.

Gordon J. Dill, Ashland, KY, Steven K. Dankof, Dayton, OH, Roger W. Hall, Hanbury & Hall P.S.C., Ashland, KY, Thomas J. Intili, Dayton, OH, for Linda D. Pennington, plaintiff.

Edward B. Atkins, Todd & Smith, Pikeville, KY, for Dollar Tree Stores, Inc., defendant.

William P. Emrick, McKenzie, Woolery, Emrick & Webb, P.S.C., Ashland, KY, for Glimpcher Realty Trust, defendant.

William H. Jones, Jr., Leigh Gross Latherow, VanAntwerp, Monge, Jones & Edwards, Ashland, KY, for IPC International Corp., defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on Defendants' joint motion for summary judgment [Record No. 34]. Plaintiff has responded [Record No. 40] to which the defendants have replied [Record No. 42]. The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Defendant Dollar Tree operates a store by the same name in the Ashland Town Center Mall located in Ashland, Kentucky. Defendant Glimpcher Realty is the owner of the aforementioned Mall. On or about August 15, 1997, Plaintiff entered the store with her son and two of her nieces. As closing time for the store approached, Plaintiff and the three children proceeded through the check out line to purchase items. Plaintiff states that the children went through the check out line multiple times.

As the plaintiff and the children attempted to leave the store, Plaintiff was stopped by the store manager who asked to view the merchandise and receipts in her bags. The manager then alleged that payment had not been made for several items in the bags, including some candy and a toy.

Plaintiff then paid for her son's toy, but stated that the candy must have been paid for since the children had been through the check out line multiple times. Plaintiff

and the store manager then began arguing as the store manager insinuated that Plaintiff was attempting to shoplift. This event was witnessed by another store clerk and a mall security guard.

When Plaintiff left the store after refusing to pay for the candy, the store manager summoned the Ashland police. Plaintiff was then arrested just outside of the mall, charged with petty theft, and spent the night in jail. The next morning she was arraigned on charges of theft by unlawful taking and released on her own recognizance.

A hearing was conducted on July 7, 1998 in Boyd District Court whereby Plaintiff, after consulting with a public defender, agreed in open court with the Boyd County Attorney's Office that all pending charges against her would be dropped based on Plaintiff's stipulation that probable cause existed for the stop and subsequent charges.

Plaintiff then filed a complaint on July 6, 1999 in federal court against the defendants alleging malicious prosecution, false imprisonment, abuse of process, negligence, negligent hiring, defamation, and intentional infliction of emotional distress. Defendants argue that Plaintiff's stipulation bars this action, and that summary judgment is proper.

### CONCLUSIONS OF LAW

#### I. Applicable Standard

Under Fed.R.Civ.Proc. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party, which in this case is the

plaintiff, "cannot rest on [her] pleadings," and must show the Court that "there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997).

## II. Analysis

### A. Malicious Prosecution

■ A *prima facie* case for malicious prosecution consists of the following elements:

(1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Broaddus v. Campbell,* 911 S.W.2d 281, 283 (Ky.Ct.App.1995) (internal quotes omitted).

■ Defendants contend that the stipulation that probable caused existed for the arrest and charges which was signed by the plaintiff on July 7, 1998 precludes her claim for malicious prosecution. Plaintiff disagrees by stating that her stipulation did not limit her rights in any manner to pursue her claims against entities other than the government.

The Court need not resolve the application of the stipulation to the defendants at this time. Plaintiff in her response to the motion for summary judgment, admits to entering her stipulation in open court. Hence, she admits that probable cause existed for the stop by the store manager, the arrest outside the mall, and the charges that followed. Plaintiff is therefore unable to meet the element of probable cause which is required to avoid summary judgment on her claim of malicious prosecution.

### B. False Imprisonment

■ To sustain her claim of false imprisonment, the plaintiff must show that she was detained, and that her detention was unlawful. *See Wal-Mart Stores, Inc. v. Mitchell,* 877 S.W.2d 616, 617 (Ky.Ct.App.1994). In other words, the plaintiff must have been deprived through an exercise of force of her liberty to leave the store when she wished to do so. *See id.*

To provide a limited defense to merchants dealing with shoplifters, the Kentucky legislature enacted K.R.S. 433.236 which holds that a merchant or an employee of same "who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person may take the person into custody and detain him in a reasonable manner for a reasonable length of time...."

While normally the issue of whether a detention is lawful is a question for the jury, the admission by the plaintiff that probable cause existed for her stop defeats any claim for false imprisonment that she may have. Essentially, Plaintiff is attempting to argue that in her stipulation, she meant that probable cause existed for the police to arrest her and the county attorney to institute charges against her, but that probable cause did not exist for the store manager to stop her and call the police. It is illogical for the Court to accept this argument. Therefore, the few minutes that Plaintiff spent in the front of the store arguing with the store manager over an incident which she admits grounds for her arrest defeats her claim of false imprisonment.

### C. Abuse of Process

■ Abuse of process is different from a claim of malicious prosecution in that abuse of process involves using a "legal process for some other purpose than that which it was intended by the law to effect." *Raine v. Drasin,* 621 S.W.2d 895, 902 (Ky. 1981). Under Kentucky law, a *prima facie* showing of abuse of process requires that (1) the process instituted by the defendant

was for some ulterior purpose, and (2) that the defendant instituting the process must have performed a willful act in using the process that is not a part of the regular conduct of the proceeding. *See Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky.1998).

Plaintiff bases her abuse of process claim on the "lack of evidence justifying Plaintiff's detention, arrest and prosecution" which were the result of Defendant Dollar Tree's "spite, anger, hatred and ill will" toward the plaintiff. Because the Ashland police had probable cause to arrest Plaintiff for shoplifting, Plaintiff cannot claim that the shoplifting allegations were borne out of any hatred or ill will harbored by the defendants. It follows that Plaintiff's abuse of process claim must fail.

### D. Defamation

■ Plaintiff alleges that allegations of shoplifting followed by her arrest warrants a claim of defamation against the defendants. The four elements necessary to establish her claim are: (1) the defendants made defamatory remarks (2) concerning the plaintiff (3) which were published and (4) caused injury to her reputation. *See Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky.Ct.App.1981).

■ It has long been held in actions for defamation and similar torts, that truth of the alleged statements by a defendant is "always a complete defense...." *Pennington v. Little*, 266 Ky. 750, 99 S.W.2d 776, 777 (1936). Defendant Dollar Tree asserted that Plaintiff was guilty of shoplifting several items from its store. This matter was pursued by the mall security guard, the Ashland police, and then reviewed by the Boyd County Attorney's office. It was the recommendation of the prosecution that all criminal charges would be dropped against the plaintiff if she agreed that probable cause existed for her arrest. Due to the element of falsity which is required in the defamatory remarks, the Court must now conclude whether Plaintiff intended that her stipulation be applicable

solely to the government, or if it applies to the defendants as well.

The Court finds that this issue is governed by *Broaddus v. Campbell*, 911 S.W.2d 281 (Ky.Ct.App.1995). Though Plaintiff disputes the applicability of this case, the facts in *Broaddus* are virtually identical to those sub judice. B. Wayne Broaddus was indicted by a grand jury on two counts which resulted from the testimony offered by Printess Campbell. Said indictment was later dismissed upon the motion of the prosecutor after Mr. Broaddus stipulated that probable caused existed for the issuance of the indictment. *See id.* at 281. Mr. Broaddus then filed suit against his accuser, Mr. Campbell.

The Kentucky Court of Appeals held in *Broaddus* that a person who admits in open court on the record that probable cause exists for an issuance of an indictment against him may not elect to settle a criminal action by stipulating to probable cause, and then sue the complaining witness. *See id.* at 284–285. Said court further held that the voluntary admission by Mr. Broaddus "completely refutes his claim ... that the prosecution was unfounded." *Id.* at 284. The fact that Mr. Campbell was not a party to the agreement with the prosecution is immaterial. *See id.* "It would be unfair to a complaining witness to allow an accused to secure the dismissal of the criminal charges against him or her by consenting to a compromise and then take advantage of the termination by suing the complaining witness." *Id.*

Likewise, it would be unfair for Plaintiff in the case at bar to agree that probable cause existed in her stop and arrest for shoplifting, yet pursue a claim against the defendants that same did not exist. "Having bought peace the accused may not thereafter assert that the proceedings have terminated in [her] favor." *Id.* (internal quotes omitted).

The plaintiff is therefore barred from asserting a claim of defamation against the

defendants on the grounds that said defendants falsely asserted defamatory remarks about the defendant in a negligent or reckless manner.

### E. Intentional Infliction of Emotional Distress

 Plaintiff must establish the following elements for her claim of intentional infliction of emotional distress: (1) the defendants' "conduct must be intentional or reckless;" (2) said conduct is "outrageous and intolerable in that it offends against generally accepted standards of decency and morality;" (3) a "causal connection" exists between the defendants' conduct and Plaintiff's emotional distress; and (4) "the emotional distress must be severe." *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky.1999).

Again, because Plaintiff agrees that probable cause existed to call the police when the defendants believed that Plaintiff was shoplifting, the defendants' actions do not qualify as "harassment intended to cause extreme emotional distress." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky.1990). The admission that probable cause existed defeats the argument that the defendants acted in a reckless manner. Hence, the claim for emotional distress must fail.

### F. Negligence and Negligent Hiring

Kentucky law "recognizes that an employer can be held liable when its failure to exercise ordinary care in hiring or retaining an employee creates a foreseeable risk of harm to a third person." *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky.Ct.App.1998). Plaintiff's claim requires the Court to determine whether the defendants "knew, or reasonably should have known," that the store manager was "unfit for the job for which [she] was employed," and whether her position as store manager "created an unreasonable risk of harm" to the plaintiff. *Id.*

Plaintiff has failed to assert any facts as to how the store manager was incompetent. This absence of evidence is even more obvious in light of the fact that Plaintiff agreed that the store manager had probable cause to notify the Ashland police that Plaintiff may be a shoplifter. Thus, no breach of duty by the defendants has occurred. Plaintiff's claims of negligence and negligent hiring have no merit.

### III. Conclusion

A review of each of Plaintiff's claims leads to the conclusion that the respective claims fail to present a genuine issue of fact for a jury's consideration. Plaintiff's claims must fail as she has admitted in open court that probable cause existed for her stop and the theft charges that followed. Hence, summary judgment on all of Plaintiff's claims is appropriate.

Accordingly,

**IT IS ORDERED** that Defendants' joint motion for summary judgment be, and the same hereby is, **GRANTED**.