Jennifer TERRY, Plaintiff–Appellant,

v.

Rick JACKSON, Individually and as agent, servant and/or employee of Wal–Mart Stores, Inc.; Cecil Mills, Individually and as agent, servant and/or employee of Wal–Mart Stores, Inc.; Wal–Mart Stores, Inc., A corporation and each of them jointly, severally and individually, Defendants–Appellees.

No. 00–6092.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District

Judge.*

Jennifer Terry appeals a district court judgment that dismissed her civil complaint for failure to state a claim upon which relief can be granted. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Terry filed her complaint by counsel in the Clay Circuit Court alleging that defendants falsely detained and humiliated her at a Wal–Mart store in Manchester, Kentucky, then maliciously prosecuted her for shoplifting, a charge which subsequently was dismissed. Plaintiff named as defendants two employees of the store and the corporate owner of the store and sought unspecified compensatory damages. Defendants removed the complaint to the district court, asserting that diversity of citizenship jurisdiction exists because the two defendant store employees, citizens of Kentucky like plaintiff, were named defendants solely in an effort to destroy diversity jurisdiction. Contemporaneously, defendants moved to dismiss the complaint on the ground that plaintiff's claims lack merit because a criminal shoplifting charge was reinstated against plaintiff after she filed her complaint. Plaintiff filed an objection and a motion to remand the case to the state court. The district court granted defendants' motion and dismissed the complaint. Plaintiff filed a motion and amended motion to alter, amend or vacate the judgment, and defendants responded in opposition. The district court denied plaintiff's motion to remand and her motion to set aside the judgment, and plaintiff filed a timely notice of appeal.

On appeal, the parties have expressly waived oral argument. Plaintiff contends that the district court erred in refusing to remand her complaint to the state court. Defendants respond that the district court's judgment was proper, and that plaintiff's claims are meritless because she ultimately was convicted of the underlying shoplifting charge. Upon consideration, we vacate the district court's judgment and remand the case to the district court for further proceedings consistent with this order.

Generally, this court reviews de novo a district court decision to deny a motion to remand. *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1428, 149 L.Ed.2d 367 (2001); *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999); *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999). Further, this court reviews de novo a district court's legal determinations regarding subject matter jurisdiction. *Coyne,* 183 F.3d at 492. In determining whether a motion to remand a case was properly denied, this court first determines whether the action was properly removed. *Id.; Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 453 (6th Cir.1996). When, as here, the action was removed based upon diversity jurisdiction, complete diversity of citizenship between plaintiff and defendants must exist at the time of removal. *Coyne,* 183 F.3d at 492. The existence of diversity jurisdiction is determined as of the time of removal. *Rogers,* 230 F.3d at 871; *Ahearn,* 100 F.3d at 453. However, a fraudulent joinder of a non-diverse defendant will not defeat removal based upon diversity jurisdiction. *Id.* at 493; *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994). Essential-

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

ly, the removing party must show that plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.*

Here, plaintiff stated a claim upon which relief can be granted against all of the named defendants. To establish a false imprisonment claim under Kentucky law, plaintiff must allege that she was detained for a period by an exercise of force, and that the detention was unlawful. *Wal–Mart Stores, Inc. v. Mitchell,* 877 S.W.2d 616, 617 (Ky.App.1994). Kentucky's "shoplifting statute," Ky.Rev.Stat. § 433.236, provides a limited defense to a false imprisonment claim where a store employee detains a suspected shoplifter for a reasonable time in a reasonable manner based upon probable cause. *Id.* at 617–18. To establish a malicious prosecution claim under Kentucky law, plaintiff must allege the malicious institution or continuation by defendants of judicial proceedings without probable cause, which were terminated in plaintiff's favor, and damage as a result of the judicial proceedings. *Broaddus v. Campbell,* 911 S.W.2d 281, 283 (Ky.App.1995).

In this case, plaintiff alleged that defendant Wal–Mart employee Mills grabbed her as she entered the Wal–Mart store, accused her of stealing a flashlight, and "march(ed)" her through the store in an intentionally humiliating manner to the rear of the store where she was detained, questioned and searched by both of the defendant store employees. Plaintiff alleged that, despite the fact that the search revealed nothing, she was arrested and jailed for 6½ hours on a charge of shoplifting, but that the charge later was dismissed.

Under these circumstances, plaintiff adequately alleged causes of action under Kentucky law for false imprisonment and malicious prosecution with respect to all of the defendants. First, the district court concluded that the only defendant real party in interest in this case is the corporate defendant and that there is no basis for the imposition of liability on the individual defendants because they were alleged to have acted within the scope of their employment for the defendant corporation. While this may be true, there is no basis for the court's conclusion that liability cannot be imposed upon the individual defendants who themselves were alleged to have falsely imprisoned and maliciously prosecuted plaintiff. There is no authority under Kentucky law that an individual is not jointly and severally liable for torts committed within the scope of employment. In denying plaintiff's post-judgment motion, the district court noted that the corporation likely will pay any money judgment awarded in this case. While this may be true as a practical matter, the individual defendants may nonetheless be jointly liable. Under these circumstances, the district court lacked diversity of citizenship jurisdiction over plaintiff's complaint at the time of removal because plaintiff and the two individual defendants undisputedly are citizens of Kentucky. *See* 28 U.S.C. § 1332(a).

Moreover, the district court should not have addressed the merits of plaintiff's underlying claims. The district court concluded that plaintiff cannot establish false imprisonment or malicious prosecution claims because defendants submitted to the court an affidavit from the Clay County Attorney to the effect that the underlying shoplifting charge was reinstated approximately ten months after the charge originally was dismissed without prejudice, and after plaintiff filed her complaint. On appeal, defendants contend that plaintiff has now been convicted of shoplifting. While these assertions may indeed thwart plaintiff's claims in the state court, this

case nonetheless should have been remanded to the state court because the district court lacked diversity of citizenship jurisdiction.

For the foregoing reasons, the district court's judgment is vacated, and that the case is remanded to the district court for further proceedings.