James G. AKERS, Plaintiff–Appellant,

v.

Carolyn P. BISHOP; Doris Fleming; Allen I. Rushing; John Does, Sued as "CBT Does 1–40, known only as that group of persons at Central Bank & Trust Company, Inc., and "associated-in-fact"; Todd M. Layne; Donald Ray Shannon; Jerry L. Kelly; John Does, Sued as SCC Does 1–50, known only as that group of individual persons at the Southland Christian Church of Lexington, Inc. and "associated-in-fact"; John Vaughn, M.D.; Thomas D. Clark; Katherine H. Witt; John Does, Sued as FCS Does, known only as a group of persons at the Fayette, Kentucky County Sheriff's Office and "associated-in-fact"; Pamela Miller; John Does, Sued as LFG Does 1–60, known only as that group of individual persons at the Lexington–Fayette (Kentucky) Urban County Government and "associate-in-fact"; Lou A. Red Corn; John Does, Sued as CAO Does 1–20, known only as a group of persons at the Office of the Fayette, Kentucky Circuit Court Clerk "associated-in-fact"; John Does, Sued as FCC Does 1–10, known only as a group of persons at the Office of the Fayette, Kentucky Circuit Court Clerk "associate-in-fact"; Rebecca M. Overstreet; Cindy G. Swartz; Ernest W. Williams; Todd D. Ferguson; Pamela D. Goodwine; John Does, Sued as "The Association–in–Fact" (comprised of all the above-named "persons", jointly and severally, as herein "Associated–in–Fact"), Defendants–Appellees.

No. 02–6235.

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

### ORDER

James G. Akers, a Kentucky resident proceeding pro se, appeals the district court order dismissing his action filed pursuant to 42 U.S.C. §§ 1983 and 1985, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1951–68. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Akers sued his former wife Carolyn P. Bishop, fifteen named defendants, and six groups of "John Doe" defendants in a 134–page complaint. The defendants included judges, prosecutors, a mayor, a sheriff, court employees, attorneys, a church counselor, and people who testified as witnesses at various stages of domestic relations and criminal proceedings involving Akers and his former wife. Akers alleged that the defendants conspired to violate his civil rights and caused him to be imprisoned unlawfully and to suffer injuries to person and property. Akers filed his complaint in the United States District Court for the Middle District of Tennessee. The court transferred the case to the Eastern District of Kentucky because the events giving rise to the lawsuit took place in and around Lexington, Kentucky. Akers appealed the transfer, and this court dismissed the appeal. The defendants filed motions to dismiss. The district court granted the motions and dismissed the case in its entirety.

In his appeal, Akers argues that venue was proper in Tennessee and that the district court erred in each of its rulings on the merits of his case.

Upon review, we affirm the district court's judgment for the reasons stated by the district court. In 1994, Akers's former wife Bishop obtained an emergency protective order (EPO) against Akers and began proceedings to dissolve their marriage. Bishop alleged that Akers struck and threatened her. Akers was arrested for violating the EPO and contempt of court, and he was later charged with assault and stalking. He was convicted of assault and stalking in 1996, but the Kentucky Court of Appeals reversed the convictions and remanded the case for a new trial. Akers was convicted of both charges after the second trial. In May 2000, the appellate court affirmed the stalking conviction but again reversed the assault conviction. Akers pleaded guilty to the offense of assault under extreme emotional disturbance in July 2000. While his criminal appeal was

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

pending in 1999, Akers filed a civil rights action against five of the same defendants in this case, and a habeas corpus petition. The district court dismissed the civil rights action sua sponte for failure to state a claim and denied the habeas petition. Akers did not appeal either decision.

First, we conclude that venue was proper in Kentucky and improper in Tennessee because the substantial part of the events giving rise to Akers's claims occurred in Lexington, Kentucky. *See* 28 U.S.C. § 1391(b).

■ Second, we agree with the district court that Akers could not seek damages for his criminal convictions through a civil rights or RICO action. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Hermansen v. Chandler,* No. 99–5943, 2000 WL 554058, at *2 (6th Cir. Apr.28, 2000); *Stephenson v. Reno,* 28 F.3d 26, 27–28 (5th Cir.1994). Although the Kentucky Court of Appeals found error in both of his trials, Akers now stands convicted of the charges he claims were procured through a conspiracy among the defendants. Because these convictions have not been reversed or declared invalid, Akers cannot sue for damages in a civil rights or RICO action.

■ Third, the district court properly held that Akers had no claim for malicious prosecution. A claim of malicious prosecution is actionable under § 1983 where all elements of the state law tort are present and probable cause was lacking as defined by Fourth Amendment jurisprudence. *See Albright v. Oliver,* 510 U.S. 266, 271–74, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Coogan v. City of Wixom,* 820 F.2d 170, 174 (6th Cir.1987). Under Kentucky law, a plaintiff bringing a malicious prosecution claim must prove, among other things, that the prosecution terminated in his favor. *Broaddus v. Campbell,* 911 S.W.2d 281, 283 (Ky.Ct.App.1995). Akers cannot satisfy this element because a jury convicted him of stalking and he pleaded guilty to assault.

Fourth, the district court also properly held that, to the extent Akers was challenging the results of his state court convictions, the court lacked jurisdiction over his claims. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker–Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. In order for Akers to prevail in this action, he would have had to have shown that the state courts erred by affirming his conviction for stalking and accepting his guilty plea for assault. Because Akers's federal claims can only succeed to the extent that the state courts were wrong, his claims are inextricably intertwined with the state court decisions. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). Accordingly, the district court lacked jurisdiction over Akers's claims. *See Feldman,* 460 U.S. at 486; *Rooker,* 263 U.S. at 416.

Construing the complaint in a light most favorable to Akers and accepting all of his factual allegations as true, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.