Manley N. FEINBERG, Appellant,

v.

Larry G. TOWNSEND and J. Bruce Miller, Esq., Appellees.

No. 2002–CA–000702–MR.

Court of Appeals of Kentucky.

May 23, 2003.

---

John R. Shelton Parker & O'Connell, PLLC, R. Kenyon Meyer, Dinsmore & Shohl LLP, Louisville, KY, for appellant.

Donald L. Cox, John Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for appellee, Larry G. Townsend.

K. Gregory Haynes, Wyatt, Tarrant & Combs, LLP, Louisville, KY, for appellee, J. Bruce Miller, Esq.

Before COMBS, KNOPF, and TACKETT, Judges.

## OPINION

TACKETT, Judge.

Manley N. Feinberg appeals from the judgment of the Jefferson Circuit Court, which granted summary judgment in favor of defendants Larry G. Townsend and J. Bruce Miller, Esq., in Feinberg's claim for wrongful use of civil proceedings. Feinberg argues on appeal that the circuit court improperly granted summary judgment on the ground that whether there was a termination of the proceedings in his favor was a question of fact to be resolved by a jury. We affirm.

This case arose from a legal malpractice action filed against Feinberg by Townsend, which alleged that Feinberg had been negligent in the course of his representing Townsend and Townsend's company, Riverboat Development, Inc. (RDI), during joint venture negotiations with Caesars World. Feinberg counterclaimed, alleging that Townsend had breached the contract between them and that he was entitled to 240 shares of RDI. The case was referred to mediation, where it was agreed that Townsend would dismiss the claims against Feinberg, and that Feinberg would receive 50 shares of stock instead of 240.

Feinberg then brought this action against Townsend and Miller, who acted as counsel for Townsend on the malpractice action, alleging wrongful use of civil proceedings. The Jefferson Circuit Court determined that Feinberg could not satisfy the elements of wrongful use of civil proceedings as set forth in the Restatement (Second) of Torts at § 660, because he could not show that the underlying action was terminated in his favor. This appeal followed.

Feinberg argues that the court erred by inferring that he gave up something in order to secure the dismissal of the malpractice action. Citing *Raine v. Drasin*, Ky., 621 S.W.2d 895, 900 (1981), Feinberg argues that "no particular form of termination [of the prior proceedings] in civil actions has been required." In this case, he argues, Townsend voluntarily dismissed his claim against Feinberg entirely and received nothing, while Feinberg recovered 50 shares of the 240 he demanded on his counterclaim. Feinberg argues that this settlement represents a termination of the proceedings in his favor, or at least creates a question of material fact for the jury to decide. We do not agree.

The tort of wrongful use of civil proceedings is traditionally disfavored in this Commonwealth, and there is a long-standing precedent that one claiming wrongful use of civil proceedings must strictly comply with the elements of the tort. *Prewitt v. Sexton*, Ky., 777 S.W.2d 891 (1989); *Broaddus v. Campbell*, Ky.App., 911 S.W.2d 281 (1995). The circuit court noted that the comments to Restatement

(Second) of Torts, § 674, indicate that "[c]ivil proceedings may be terminated in favor of the person against whom they are brought ... by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them...." The comment concludes, "In determining the effect of withdrawal the same considerations are decisive as when criminal charges are withdrawn...." *Id.*, cmt. j. The *Broaddus* case, which Feinberg vigorously argues has no application here, adopts the language of Restatement § 660, "Having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor." In *Broaddus*, the claimant brought suit after a compromise led to the dismissal of criminal charges against him. Feinberg argues that because *Broaddus* involved a criminal action, and because the claimant in *Broaddus* stipulated probable cause as part of the compromise, that case is inapplicable in this circumstance. While we acknowledge that *Broaddus* is not a perfect fit, we disagree that the point that "having bought peace the accused may not thereafter assert that the proceedings have terminated in his favor" is not applicable. Here, the case was referred to mediation and by mutual agreement the parties reached a settlement. We believe that as a matter of law, the proceedings cannot be said to have terminated in Feinberg's favor, as the settlement was clearly the product of a mutual agreement and not the one-sided dismissal present in the *Raine* case, which Feinberg asserts is applicable here. We disagree that *Raine* stands for the proposition that one may settle an action and still bring an action for wrongful use of civil proceedings. *Raine* did not involve a settlement but a voluntary dismissal of the action, accomplished by an agreed order. In Raine, the Kentucky Supreme Court unambiguously stated that "[t]he [agreed order] did not entail any compromise or settlement; it simply and effectively terminated the lawsuit as far as the defendant doctors were concerned. The dismissal declared, in effect, that there was no malpractice on the part of the defendants." *Id.* at 899. Therefore, *Raine* cannot be said to stand for the proposition that a party may reach a compromise through mediation and subsequently bring an action for wrongful use of civil proceedings.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.